UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
February 26, 2019
David J. Bradley, Clerk

| | | |
|---|---|---|
| United States of America, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Criminal H-14-439-2 |
| | § | (Ancillary Civil Action H:17-208) |
| | § | |
| Jermaine Comeaux, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Vacatur

On March 16, 2015, Jermaine Comeaux pleaded guilty to conspiracy to commit wire fraud and aggravated identity theft. On October 26, 2015, Comeaux was sentenced to the custody of the Bureau of Prisons for 264 months – at the low end of the guideline range. On November 2, 2015, Comeaux filed his notice of appeal and on October 26, 2016, the court of appeals affirmed his sentence. On January 19, 2017, Comeaux moved to have his sentence vacated. On August 23, 2017, this court denied it. The court of appeals now asks this court for its reasons for denial.

Comeaux's sole claim is that his attorneys were ineffective because (a) he did not know the consequences of accepting the plea offer and (b) his attorney did not promptly file a motion to withdraw his plea. His counsel were not ineffective, so this court denied his motion to vacate.

1. *Plea.*

Comeaux says that his plea was not knowingly, intelligently, and voluntarily entered because his counsel did not tell him the sentencing consequences of accepting the government's plea offer. He says that his counsel told him he would receive a sentence of less than three years. Had he known the court was going to sentence him to a longer time, he would have gone to trial.

Comeaux's pretended ignorance of the consequences of a plea does not render his plea involuntary. He signed the plea agreement, that plainly said the punishment

range was up to thirty years imprisonment and a fine of up to $1,000,000 for conspiracy and two years imprisonment for aggravated identity theft. This court also explained the punishment range during the rearraignment. Comeaux cannot complain that his attorney did not prepare him for the possibility of a sentence longer than three years. He got a shorter sentence and avoided possible conviction on two counts that carried mandatory minimums.

During the rearraignment, Comeaux stated that he understood the nature of the charges, the elements of the offense, the provisions of the plea agreement, and acknowledged that he was pleading guilty because he is in fact guilty as charged. His plea was knowing and voluntary, and his counsel was effective.

2.  *Withdrawal.*

Comeaux claims his attorney did not promptly file a motion to withdraw his plea. He says this is ineffective assistance of counsel because there was a brief period when the government would not have opposed this motion, and his attorney should have moved then.

Comeaux's motion to withdraw his guilty plea was predicated on a note found at the scene of Michael Irving's murder, a co-defendant in this case. Irving was murdered on February 27, 2015. Comeaux's counsel filed an opposed motion to withdraw his plea on October 20, 2015. His attorney filed it as opposed because the United States opposed it. That opposition is out of his counsel's control. His attorney complied with the rule of procedure and filed it as an opposed motion.

On October 26, 2015, the court held a lengthy hearing on Comeaux's motion to withdraw his plea. The court asked about the eight month delay in filing the motion. The court found that the delay was reasonable because his latest attorney of four had been appointed within a few months and needed time to review the case. The court also concluded that it would not be inconvenienced by this delay. The court then looked at the totality of the circumstances and denied Comeaux's motion to withdraw. He pleaded guilty because he wanted a lighter sentence, not because he was innocent.

Even if Comeaux's attorney had moved to withdraw the plea without opposition from the government, this court would not have granted it. The letter found by Irving's body is not exculpatory. The letter is typed, unsigned, undated, and not notarized – despite having a space for one. Contrary to Comeaux's suggestion that the letter

originated from Irving, no trace of the letter was found on Irving's laptop or on any of his thumbdrives. It was examined for fingerprints, but no prints of evidentiary value were found. The letter is contradicted by other evidence and facially unreliable.

This letter would not have persuaded the court to withdraw Comeaux's plea whether Comeaux faced opposition by the government or not. *Brady* is not implicated at the plea stage.[1] If the case had gone to trial, the letter would have been inadmissible hearsay because it cannot be authenticated. Accordingly, Comeaux was not prejudiced by his counsel's delay in filing the motion.

3.  Conclusion.

At all times, Comeaux had the close assistance of counsel. Collectively, his counsel of record secured for him bond, a favorable plea agreement, and several continuances to postpone the sentencing. Comeaux's insistence that he has had ineffective assistance of counsel is contradicted by the record.

Comeaux moved to vacate his conviction and sentence based on ineffective assistance of counsel. After another careful review of the record, the court finds nothing to raise that claim, much less to substantiate it.

Signed on February 26, 2019, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[1] *See Brady v. Maryland*, 373 U.S. 83 (1963); *Matthew v. Johnson*, 201 F.3d 353, 369 (5th Cir. 2000).