United States District Court
Southern District of Texas
**ENTERED**
December 23, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-14-439-02 |
| | § | |
| JERMAINE COMEAUX, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Jermaine Comeaux's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] Having considered the motion, response, reply, and the applicable law, the court will deny the motion under 18 U.S.C. §§ 3582(c)(1)(A) and (c)(2), will dismiss the motion under 28 U.S.C. § 2255 for lack of

---

[1] Defendant originally titled his motion "Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)(A)" ("Defendant's Motion"). (Docket Entry No. 222) However, no such statutory section exists. See 18 U.S.C. § 3582 et seq. Defendant corrects this misstatement in his Reply to the Government's Response to the Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A) ("Defendant's Reply"). (Docket Entry No. 225) Accordingly, the court construes Defendant's motion under §§ 3582(c)(1)(A) and (c)(2), as well as under 28 U.S.C. § 2255, to account for all procedural and substantive arguments before the court. See Cardenas-Lamas v. United States, Case No. 1:16-cv-231, 2016 WL 6581333, at *3 (S.D. Tex. Oct. 4, 2016) (report and recommendation) ("[F]ederal courts have a duty to construe pro se prisoner pleadings liberally to honor the substance of the pleading, over the form of the pleading, or the label bestowed upon the pleading by the prisoner.") (citations omitted), adopted by Cardenas-Lamas v. United States, Civil Action No. 1:16-cv-00231, 2016 WL 6583710 (S.D. Tex. Nov. 3, 2016).

jurisdiction, and will decline to issue a certificate of appealability.

## I. Background

On March 16, 2015, Defendant pleaded guilty to conspiracy to commit wire fraud under 18 U.S.C. §§ 1343 and 1349 and to one count of aggravated identity theft under 18 U.S.C. § 1028A. (Government's Response to Motion to Reduce Sentence ("Government's Response"), Docket Entry No. 224, pp. 1-2)[2] Several days later, the government told defense counsel that the government possessed a letter from the murder scene of one of Defendant's co-defendants that "minimized [Defendant's] role in the credit card scheme alleged by the government's indictment and suggested that other co-defendants were more culpable." Id. at 2. The government also told defense counsel that it would not oppose Defendant's withdrawal of his guilty plea based on the letter. Id.

On October 20, 2015, six days before Defendant's sentencing, Defendant moved to withdraw his guilty plea. Id. The government opposed the withdrawal because of the time that had passed between the government's original offer and Defendant's decision. Id. At the sentencing hearing, the court found the letter immaterial, rejected Defendant's withdrawal because of the time delay, and as

---

[2]All page citations in this memorandum opinion and order refer to the page numbers assigned by the court's CM/ECF system, not the document's internal pagination, when available.

a result, did not grant Defendant a three-point reduction for acceptance of responsibility. Id. Accounting for other sentencing enhancements, the court imposed a 264-month sentence. Id. Judge Hughes was originally assigned to this case and presided over Defendant's sentencing and his subsequent motions.

Defendant directly appealed his sentence based on the district court's denial of Defendant's withdrawal of his guilty plea and alleged that the district court did not notify him that he faced a mandatory minimum sentence. Id. at 3. The Fifth Circuit upheld the district court's denial of Defendant's guilty-plea withdrawal and the imposed sentence. (Fifth Circuit Opinion, Docket Entry No. 165, p. 2)

Next, Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("Defendant's § 2255 Motion") asserting ineffective assistance of counsel concerning the entry of and failure to timely withdraw his guilty plea. (Docket Entry No. 166, p. 4) The court denied the motion and Defendant's request for a certificate of appealability ("COA"). (Order on Denial, Docket Entry No. 171; Order Denying Certificate of Appealability, Docket Entry No. 178) However, the Fifth Circuit granted a COA "for the sole purpose of a limited remand to the district court for the entry of written reasons supporting its denial of Comeaux's § 2255 motion." (Fifth Circuit Opinion, Docket Entry No. 182, p. 2) The court issued two

opinions specifying Comeaux's lack of substantiation for his ineffective assistance of counsel claim. (Opinion on Vacatur, Docket Entry No. 184, p. 3; Opinion on the Denial of Motion to Vacate Sentence, Docket Entry No. 208).

In 2020 Defendant filed several motions for compassionate release (Docket Entry Nos. 185, 189, 193), all of which the court denied. (Order Denying Reduction, Docket Entry No. 190; Opinion on Compassion, Docket Entry No. 191; Order on Compassion, Docket Entry No. 192; Opinion on Compassionate Release, Docket Entry No. 207) In addition to examining Defendant's substantive arguments, the court noted that Defendant's "motions showed persistent manipulative behavior." (Opinion on Compassionate Release, Docket Entry No. 207, p. 2)

On January 19, 2024, the case was transferred to the undersigned judge. That same day Defendant filed a motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based on the 2023 amendments to the sentencing guidelines ("Defendant's Motion for Reduction") (Docket Entry No. 219). The court also denied this motion. (Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), Docket Entry No. 220)

Defendant then filed another motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Defendant's Motion, Docket Entry No. 222) The government responded (Docket Entry No. 224), and Defendant replied (Docket Entry No. 225).

## II. Legal Standards

Courts "may not modify a term of imprisonment once it has been imposed" except in certain circumstances. 18 U.S.C. § 3582(c). One of these circumstances arises "after the defendant has fully exhausted all administrative rights," and the court finds that "extraordinary and compelling reasons warrant such a reduction." Id. § 3582(c)(1)(A)(i). Courts often refer to motions filed under § 3582(c)(1)(A) as motions for "'compassionate release' because courts generally use [this statutory provision]" to provide relief to "prisoners with severe medical exigencies or infirmities." United States v. Escajeda, 58 F.4th 184, 186 (5th Cir. 2023) (citing United States v. Chambliss, 948 F.3d 691, 693 (5th Cir. 2020); United States v. Shkambi, 993 F.3d 388, 390-92 (5th Cir. 2021)). "[P]risoners can seek relief under § 3582(c)(1) only when they face some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." Id.

Separately, under 28 U.S.C. § 2255(a), a prisoner may move the court "to vacate, set aside or correct the sentence" "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." "'A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude.'" United States v. Willis, 273 F.3d 592, 595 (5th Cir.

2001). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 102 S. Ct. 1584, 1593 (1982). "This higher standard is appropriate because once the petitioner's direct appeal has been exhausted, courts presume the petitioner was fairly convicted." Sharma v. United States, Criminal Action No. H-09-409-1, 2018 WL 8951188, at *2 (S.D. Tex. Sept. 13, 2018) (citing Frady, 102 S. Ct. at 1592).

The court "may not consider an issue disposed of in [the defendant's] previous appeal at the § 2255 stage." United States v. Goudeau, 512 F. App'x 390, 393 (5th Cir. 2013) (per curiam). Similarly, a defendant generally may not raise claims in a § 2255 motion that he has procedurally defaulted. United States v. Vargas-Soto, 35 F.4th 979, 993 (5th Cir. 2022). "In general, [i]t is well settled that where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the petitioner can first demonstrate either (1) cause and prejudice, or (2) that he is 'actually innocent' of the crime for which he was convicted." United States v. Torres, 163 F.3d 909, 911 (5th Cir. 1999) (alteration in original) (internal quotation marks omitted). To show cause, "the movant 'must show that some objective factor external to the defense impeded counsel's efforts to comply with the [relevant] procedural rule.'" Vargas-Soto, 35 F.4th at 993

(alteration in original) (quoting <u>Davila v. Davis,</u> 137 S. Ct. 2058, 2065 (2017)).

### III. <u>Discussion</u>

The court considers Defendant's motion first as a motion to reduce sentence under 18 U.S.C. §§ 3582(c)(1)(A) and (c)(2) and then as a successive habeas petition under 28 U.S.C. § 2255. <u>See</u> <u>supra</u> note 1. Finding Defendant's motion fails on both substantive and procedural grounds, the court will deny the motion under §§ 3582(c)(1)(A) and (c)(2) and will dismiss the motion under § 2255 for lack of jurisdiction. The court will also decline to issue a certificate of appealability.

**A. Motion to Reduce Sentence Under 18 U.S.C. §§ 3582(c)(1)(A) and (c)(2)**

Defendant primarily argues that the court should reduce his sentence based on "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). <u>See generally</u> Defendant's Motion, Docket Entry No. 222; Defendant's Reply, Docket Entry No. 225. First, Defendant points to an alleged "disparity in sentencing" between himself and his co-defendant. (Defendant's Motion, Docket Entry No. 222, p. 2) Defendant was sentenced to 264 months while his co-defendant was sentenced to 57 months for the same charges. <u>Id.</u> Second, Defendant asserts that the enhancements he received for "leadership roles and obstruction of justice" were improper because they were

based on a social media post rather than on "evidence of organizing, leading, managing, or supervising others in the commission of the offense." Id. at 3. Third, Defendant alleges that he was denied a "three-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1." Id.

But as the government correctly counters, these arguments do not constitute "'extraordinary and compelling reasons' that would warrant a reduction to Defendant's sentence." (Government's Response, Docket Entry No. 224, p. 5) Extraordinary and compelling reasons generally include medical circumstances, age, family circumstances, abuse, or other reasons of comparable gravity. See Chambliss, 948 F.3d at 693-94 (affirming the district court's finding that a prisoner's terminal illness, while an extraordinary and compelling reason under § 3582(c)(1)(A), did not warrant a reduction in the prisoner's sentence); see also U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2024) (listing circumstances under which extraordinary and compelling reasons may exist). Defendant raises no such concerns. (Defendant's Reply, Docket Entry No. 225, pp. 1-3) Despite Defendant's attempts to couch them as such, none of Defendant's arguments qualify as an "extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." Escajeda, 58 F.4th at 186.

Defendant also contends that changes to the First Step Act and the Sentencing Guidelines warrant a reduction of his sentence. (Defendant's Reply, Docket Entry No. 225, pp. 3-5)  According to Defendant, "[r]ecent amendments to the Guidelines and changes under the First Step Act reflect a growing consensus that non-violent offenders, like [himself], should not receive excessive sentences that do not reflect the severity of their conduct."  Id. at 3-4.  He argues that the 2023 amendments to the Sentencing Guidelines "aim to reduce unnecessary disparities and ensure sentences are commensurate with the actual conduct involved."  Id. at 5.

Defendant's argument that changes to the Sentencing Guidelines support his motion to reduce his sentence has no merit. United States v. Cardenas, No. 19-40425, 2024 WL 615542, *2 n.4 (5th Cir. Feb. 14, 2024) ("To the extent [Defendant] argues recent amendments to the Sentencing Guidelines support his request for release, he is incorrect.  Changes to the Sentencing Guidelines can give rise to relief under 18 U.S.C. § 3582(c)(2), not § 3582(c)(1)."  (cleaned up) (quoting United States v. McMaryion, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023) (per curiam)).  Even properly construed under § 3582(c)(2), Defendant's vague reference to the Sentencing Guidelines 2023 amendments as authorizing sentence reductions for non-violent offenders is unsupported.  See 18 U.S.C. § 3582(c)(2) (permitting courts to

modify a term of imprisonment if a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"). Without more, the court has no reason to believe that Defendant's sentence was unfair or disproportionate based on a specific change in the Sentencing Guidelines that applies directly to Defendant's original sentence. (Defendant's Reply, Docket Entry No. 225, p. 5) This is especially the case since the court previously denied Defendant's similar arguments in his prior § 3582(c)(2) motion. (Defendant's Motion for Reduction, Docket Entry No. 219; Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), Docket Entry No. 220)

For these reasons, the court will deny Defendant's motion under § 3582(c)(1)(A) and § 3582(c)(2).

**B.   Successive Habeas Petition Under 28 U.S.C. § 2255**

The government asserts that "Defendant's motion is nothing more than an end-run around the requirement that he raise [his] arguments in (a) his direct appeal, or (b) in a § 2255 motion." (Government's Response, Docket Entry No. 224, p. 5) To the extent Defendant[3] is challenging the merits of his original sentence, the

---

[3]Rather than refer to Defendant as Petitioner, as is standard in reference to a § 2255 petition, the court will continue to refer to Defendant as such for consistency and clarity.

court agrees. See Escajeda, 58 F.4th at 187 ("We therefore hold that a prisoner cannot use § 3582© to challenge the legality or the duration of his sentence; such arguments can, and hence must, be raised under Chapter 153."); Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under this section is warranted for errors that occurred at trial or sentencing." (citations omitted)).

Because Defendant previously filed a § 2255 motion that was denied on the merits, Defendant must first obtain authorization from the United States Court of Appeals for the Fifth Circuit before he can file a successive § 2255 motion. See 28 U.S.C. § 2244(b)(3); Defendant's § 2255 Motion, Docket Entry No. 166. Defendant has not received such authorization. (Government's Response, Docket Entry No. 224, p. 6)

The court will, therefore, dismiss Defendant's motion to reduce sentence, construed as a successive habeas petition under § 2255, for lack of jurisdiction. See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (finding that the pre-authorization requirement under § 2244(b)(3) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one"); see also United States v. Davis, Criminal No. H-01-

-11-

0140-01, 2019 WL 2009177, at *2 (S.D. Tex. May 7, 2019) (Lake, J) (dismissing prisoner's motion under § 2255 for lack of jurisdiction because the prisoner "raises new substantive claims for relief," "does not attack the court's resolution of his previous § 2255 motion," and did not receive authorization from the Fifth Circuit before filing the successive motion).

C.  **Certificate of Appealability**

Rule 11 of the Rules Governing Section 2255 Proceedings states that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue unless the applicant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires an applicant to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under this standard, a petitioner must show "jurists of reason could disagree with the [reviewing] court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Buck v. Davis, 137 S. Ct. 759 (2017) (citation and internal quotation marks omitted).

A district court may deny a certificate of appealability <u>sua sponte</u> without requiring further briefing or argument. See <u>Alexander v. Johnson,</u> 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). The court concludes that reasonable jurists could not find any of Defendant's claims meritorious, and, therefore, declines to issue a certificate of appealability.[4]

## IV. Conclusion

For the reasons stated above, the court makes the following rulings as to Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Docket Entry No. 222): The court **DENIES** the motion to reduce sentence under 18 U.S.C. §§ 3582(c)(1)(A) and (c)(2) and **DISMISSES** the motion under 28 U.S.C. § 2255 for lack of jurisdiction.

The court **DECLINES** to issue a certificate of appealability.

**SIGNED** at Houston, Texas, on this 23rd day of December, 2024.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] No certificate of appealability is required for Defendant to appeal the part of this memorandum opinion and order that denies his motion to reduce sentence under 18 U.S.C. §§ 3582(c)(1)(A) and (c)(2).