United States District Court
Southern District of Texas
**ENTERED**
August 26, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-14-439-02 |
| | § | |
| JERMAINE COMEAUX, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Jermaine Comeaux ("Defendant") has filed a Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) ("Defendant's Sixth MFCR") (Docket Entry No. 241). The Government has filed Government's Response to Defendant's Latest Motion for Sentence Reduction ("Government's Response") (Docket Entry No. 245) (sealed). For the reasons explained below, Defendant's Sixth MFCR will be denied.

## I. Background

On March 16, 2015, Defendant pleaded guilty to one count of conspiracy to commit wire fraud under 18 U.S.C. §§ 1343 and 1349 and one count of aggravated identity theft under 18 U.S.C. § 1028A.[1] On the eve of sentencing, Defendant sought to withdraw his guilty plea.[2] The court

[1]Plea Agreement, Docket Entry No. 69, p. 1 ¶ 1. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Government's Response, Docket Entry No. 245, pp. 1-2 (sealed); Memorandum Opinion and Order, Docket Entry No. 226, pp. 2-3.

rejected his request and sentenced him to 264 months' imprisonment.[3] Judge Lynn Hughes presided over the case and over Defendant's sentencing.

Defendant appealed his conviction and sentence to the Fifth Circuit, which upheld the court's denial of Defendant's guilty-plea withdrawal and the imposed sentence.[4] Defendant then filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was denied.[5]

In 2020 Defendant filed three motions for compassionate release, all of which Judge Hughes denied.[6] In addition to examining Defendant's substantive arguments, the court noted that Defendant's "motions showed persistent manipulative behavior."[7]

On January 19, 2024, the case was transferred to the undersigned judge. That same day Defendant filed a fourth motion for compassionate release based on the 2023 amendments to the sentencing guidelines.[8] The court denied the motion.[9]

---

[3]Judgment in a Criminal Case, Docket Entry No. 127, p. 2.

[4]Order of the Fifth Circuit Court of Appeals, Case No. 15-20639, Docket Entry No. 165, p. 2.

[5]Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, Docket Entry No. 166; Opinion on the Denial of Motion to Vacate Sentence, Docket Entry No. 208.

[6]March 20, 2020, letter to Judge Hughes requesting compassionate release, Docket Entry No. 185; Opinion on Compassion [denied], Docket Entry No. 191, pp. 1-2; May 5, 2020, letter to Judge Hughes requesting downward departure, Docket Entry No. 189; Order on Compassion [denied], Docket Entry No. 192; Motion for Compassionate Release/Sentence Reduction, Docket Entry No. 193, p. 1; Opinion on Compassionate Release [denied], Docket Entry No. 207.

[7]Opinion on Compassionate Release, Docket Entry No. 207, p. 2.

[8]January 15, 2024, letter to Clerk of Court requesting appointment of counsel to pursue sentence reduction under Amendments 821 and 825 ("Defendant's Fourth MFSR"), Docket Entry No. 219.

[9]Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), Docket Entry No. 220.

On July 29, 2024, Defendant filed a fifth motion for compassionate release, primarily arguing the court should reduce his sentence based on extraordinary and compelling reasons because (1) there was a disparity in sentencing between himself and his co-defendant, (2) the enhancements he received for leadership roles and obstruction of justice were improper, and (3) he was denied a three-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.[10] The court denied Defendant's fifth motion under § 3582(c)(1)(A) and dismissed the motion as a successive habeas petition to the extent Defendant was challenging the merits of his original sentence.[11]

On January 14, 2026, Defendant filed his Sixth MFCR.[12] The Government filed its Response on April 3, 2026, and Defendant filed his reply on April 14, 2026.[13] Defendant also filed a Supplemental Notice in Support of Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Docket Entry No. 247).

## II. Legal Standard

In United States v. Jackson, 27 F.4th 1088 (5th Cir. 2022), the court stated the requirement for obtaining compassionate release under § 3582(c):

> . . . [A] prisoner seeking compassionate release must overcome three hurdles. First, "extraordinary and compelling reasons" must justify the reduction of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." Id.

---

[10]Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)(A), Docket Entry No. 222, pp. 1-3.

[11]Memorandum Opinion and Order, Docket Entry No. 226, pp. 10, 11, 13.

[12]Defendant's Sixth MFCR, Docket Entry No. 241.

[13]Government's Response, Docket Entry No. 245 (sealed); Defendant's Reply in Support of Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), Docket Entry No. 246.

> § 3582(c)(1)(A). Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a). Id. "The district court has discretion to deny compassionate release if the Section 3553(a) factors counsel against a reduction." Ward v. United States, 11 F.4th 354, 360 (5th Cir. 2021).

Jackson, 27 F.4th at 1089.

"We understand 'extraordinary' to mean 'beyond or out of the common order,' 'remarkable,' and synonymous with 'singular.'" United States v. Escajeda, 58 F.4th 184, 186 (5th Cir. 2023) (quoting Webster's New International Dictionary 903 (2d. ed. 1934; 1950)). Under the United States Sentencing Guidelines, "district courts may consider the following extraordinary and compelling circumstances in their analysis: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) whether the defendant, while in custody, was a victim of abuse; (5) other reasons similar in gravity to those previously described; and (6) a change in the law resulting in the defendant receiving an unusually long sentence." United States v. Hamilton, Criminal Action No. H-17-418, 2024 WL 4052336, at *2 (S.D. Tex. Aug. 19, 2024).

The § 3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed–
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for–

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–

* * *

(5) any pertinent [Sentencing Commission] policy statement–

* * *

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## III. Analysis

Defendant argues that he is entitled to a sentence reduction under U.S.S.G. § 1B1.13(b)(6)[14] because (1) Amendment 821, which "authorizes courts to 'disregard one or more criminal-history points where prior sentences within the fifteen-year period overstate the seriousness of the defendant's criminal history or the likelihood of recidivism,'" (2) § 2B1.1, which "permits a downward departure when loss/victim stacking overstates severity," and (3) Amendment 830, which

---

[14]Section 1B1.13(b)(6) states that:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

"recognize[s] long-term parental separation and rehabilitations as extraordinary when combined with other grounds," did not exist when his fifth motion for compassionate release was denied by the court.[15] Defendant's arguments are without merit because he fails to establish a change in the law that would entitle him to a sentence reduction under § 1B1.13(b)(6).[16]

**A. Defendant has not demonstrated extraordinary and compelling reasons for reducing his sentence.**

1. <u>Amendment 821</u>

Defendant argues that he is entitled to a sentence reduction under Amendment 821.[17] In 2024 the court denied Defendant's first request for a sentence reduction under Amendment 821.[18] As the court has already found and explained, "[D]efendant is not eligible for a reduction under Part A, Subpart 1 of Amendment 821, because status points were not assessed in this case; and because the [D]efendant has one or more criminal history points from Chapter Four, Part A, and additionally he received an adjustment under 3B1.1 (Aggravating Role) and was engaged in a continuing criminal enterprise, . . . [he] is thereby ineligible for a reduction under Part B, Subpart 1 of Amendment 821."[19]

---

[15]Defendant's Sixth MFCR, Docket Entry No. 241, pp. 3-5.

[16]Although Defendant does not invoke § 3582(c)(2) in his motion, to the extent he is arguing that he has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, his argument lacks merit for the reasons explained below.

[17]Defendant's Sixth MFCR, Docket Entry No. 241, pp. 3-4.

[18]Defendant's Fourth MFSR, Docket Entry No. 219; Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), Docket Entry No. 220.

[19]Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), Exhibit 1 to Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), Docket Entry No. 220-1 (sealed).

2. Section 2B1.1

Defendant argues that the sophisticated means enhancement has recently changed in a way that means he should not have received that enhancement in the first place.[20] But Defendant does not point to any change in law that would have impacted his guideline range. To the extent Defendant is arguing that the enhancement was incorrectly applied at sentencing, he cannot use a motion under § 3582(c) to challenge the merits of his original sentence. Escajeda, 58 F.4th 187 ("We therefore hold that a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence must, be raised under Chapter 153.") (emphasis in original).

3. Amendment 830

Defendant argues that he is entitled to a sentence reduction under Amendment 830 because his daughters are now adults and he is now a grandfather.[21] However, Amendment 830 pertains to Export Control Reform Act of 2018 (Part A), Offenses Involving Records and Reports on Monetary Instrument Transactions (Part B), Antitrust Offenses (Part C), Enhanced Penalties for Drug Offenders (Part D), and Adjustment for Certain Zero-Point Offenders (Part E), none of which are relevant here.

To the extent Defendant is arguing that he is entitled to a sentence reduction under § 1B1.13(b)(3), his claim lacks merit. To obtain relief under § 1B1.13(b)(3) a defendant must establish one of the following situations:

(A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

[20]Defendant's Sixth MFCR, Docket Entry No. 241, p. 4.

[21]Id. at 4-5 ¶ C.

> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> (D) The defendant establishes that circumstances similar to those [already] listed . . . exist involving any other immediate family member . . . .

Defendant does not allege that any of his family members are incapacitated. The fact that Defendant now has a grandchild does not entitle him to relief under § 1B1.13(b)(3).

**B. The § 3553(a) factors counsel against a reduction.**

To determine whether the § 3553(a) factors support compassionate release, the court first considers the nature and circumstances of the offense. See 18 U.S.C. § 3553(a)(1). Defendant was convicted of one count of conspiracy to commit wire fraud under 18 U.S.C. §§ 1343 and 1349 and one count of aggravated identity theft under 18 U.S.C. § 1028A.[22] During the conspiracy, Defendant was involved in a fraud scheme in which 73 BBVA/Compass Bank credit card accounts were applied for with the stolen identities of victims, all of whom were age 69 or older.[23] The scheme resulted in a loss of $1,011,101.07 to BBVA/Compass Bank.[24] Defendant was found to be an organizer and leader of the scheme.[25] Defendant's active role in such a serious offense makes a sentence reduction inappropriate.

---

[22]Presentence Investigation Report, Docket Entry No. 101, p. 3 ¶ 1, p. 5 ¶¶ 21, 23 (sealed).

[23]Id. at 6 ¶ 26.

[24]Id. at 7 ¶ 29.

[25]Id. at 23 ¶ 109.

The court next considers the need for the sentence imposed. See 18 U.S.C. § 3553(a)(2). Defendant was heavily involved in a criminal enterprise that defrauded BBVA/Compass Bank out of 1 million dollars by stealing elderly victims' identities. Before Defendant was sentenced, he attempted to obstruct justice by trying to cover up the source of the fraudulently obtained cards, and by attempting to intimidate his co-defendant into accepting the entire blame for the fraud scheme.[26] The court concludes that the Defendant's original sentence satisfies the fairness, deterrence, and public protection considerations of §§ 3553(a)(2)(A)-(C).

The court therefore concludes that the § 3553(a) factors weigh against granting Defendant's Sixth MFCR.

This is Defendant's sixth motion for compassionate release. The court cautions Defendant "that frivolous, repetitive, or otherwise abusive filings may invite the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction." United States v. Bell, 823 F. App'x 283, 284 (5th Cir. 2020) (per curiam); see also United States v. Rutherford, 831 F. App'x 713, 714 (5th Cir. 2020); United States v. Hedrick, No. 26-40036, 2026 WL 2059047, at *1 (5th Cir. July 16, 2026) ("Hedrick has ignored this court's previous warning and has remained undeterred by the $100 sanction previously imposed by this court for his continued filing of frivolous, repetitive, or otherwise abusive motions. Because he has failed to heed the court's prior warnings, Hedrick is ORDERED to pay a sanction of $300 to the clerk of this court.").

---

[26] Id. at 21 ¶ 100.

## IV. Conclusion and Order

For the reasons explained above, Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Docket Entry No. 241) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 26th day of August, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE